UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PETERSON, et al., | Case No. 1:22-cv-00701-JLT-CDB |
| Plaintiffs, | ORDER RE: DISCOVERY |
| v. | (Doc. 35) |
| THOMSON INT'L, INC., | |
| Defendant. | |

The Court convened a mid-discovery status conference on February 8, 2023, following its review of a joint status report filed by the parties in advance of the conference. (Docs. 34, 35). Lindsay Lien Rinholen appeared on behalf of Plaintiffs, and Helen Chen appeared on behalf of Defendant. The Court and the parties reviewed the status of discovery and addressed several ongoing discovery-related issues. The Court reiterated its reluctance to adjust discovery deadlines and directed the parties to review the Scheduling Order, which provides that the case management dates are "firm" and will not be adjusted absent stipulations accompanied by affidavits that establish good cause. (Doc. 4 at p. 7).

This Order addresses and requires action by the parties with respect to three issues discussed during the conference:

Protective Order: in a related, consolidated action involving different plaintiffs, the Court entered a stipulated protective order that the Plaintiffs and Defendant here agree applies in that

case to many of the same documents that likely are to be discovered in this case. *Angelo et al. v. Thomson Int'l, Inc.*, No. 1:21-cv-1609-JLT-CDB (Doc. 30).  However, Plaintiffs in this case have raised objections about the scope of the draft protective order under discussion by the parties, and accordingly, no protective order yet has been entered.  In particular, Plaintiffs seek to require "confidential" markings to be removed from certain categories of documents so that they are excluded from the provisions of any protective order.  The parties represented during the conference that they are working collaboratively towards an agreeable protective order.  Accordingly, the **COURT ORDERS** the parties to file on or before February 24, 2023, either (1) a stipulated protective order that at least permits production of confidential documents for which there is no dispute as to the applicable level of confidentiality, or (2) a joint request for Court resolution of the disputed issues in which the parties set forth their respective positions with supporting authority.

Disclosure Authorizations: Counsel for Plaintiffs has returned to Defendant several, but not all, of the disclosure authorization forms provided by Defendant.  Accordingly, the **COURT ORDERS** Plaintiffs on or before February 15, 2023, to complete, sign and return to Defendant all remaining, non-objectionable disclosure authorization forms.

Cost-Sharing for Subpoenaed Documents: Defendant has withheld production to Plaintiffs of certain documents it obtained through service of subpoenas until Plaintiffs agree to cost-sharing for the expenses incurred in connection with the subpoenas.  Accordingly, the **COURT ORDERS** the parties on or before February 24, 2023, to either (1) resolve the dispute regarding cost-sharing to the mutual satisfaction of each party, or (2) file a joint request for Court resolution of the disputed issues in which the parties set forth their respective positions with supporting authority.

IT IS SO ORDERED.

Dated: __**February 8, 2023**__        _____
UNITED STATES MAGISTRATE JUDGE