Robert L. Sallander, Esq., (SBN 118352)
  rsallander@gpsllp.com
Helen H. Chen, Esq., (SBN 213150)
  hchen@gpsllp.com
GREENAN, PEFFER, SALLANDER & LALLY LLP
2000 Crow Canyon Place, Suite 380
San Ramon, California 94583
Telephone: (925) 866-1000
Facsimile: (925) 830-8787

Attorneys for Defendants
THOMSON INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PETERSON, SADIE FLODING, COLIN STRUB, CARSON BRENDA, JODY BARRY, TEISCHA BENSON, LYNNETTA KLAM, and LORI DAVIES,<br><br>Plaintiff(s),<br><br>v.<br><br>THOMSON INTERNATIONAL, INCORPORATED, a California corporation; DOES 1-10, INCLUSIVE; and ROE ENTITIES 1-10, INCLUSIVE,<br><br>Defendant(s). | Case No.: 1:22-cv-00701 JLT-CDB<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Magistrate Judge: Christopher D. Baker<br><br>Date Action Filed:   June 10, 2022<br>Trial Date:               March 26, 2024 |

IT IS HEREBY STIPULATED AND AGREED by and between the Parties executing this stipulation, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. **SCOPE**: This Order governs the handling of all documents, testimony and information produced, given or filed herein by any party and designated as "CONFIDENTIAL." A party designating such documents, testimony or information as "CONFIDENTIAL" is herein referred to as a DESIGNATING PARTY. This Order applies to any documents previously produced to the parties or counsel.

2. **CONFIDENTIAL INFORMATION**: A DESIGNATING PARTY may designate as "CONFIDENTIAL" any document, testimony, or information the DESIGNATING PARTY believes in good faith to contain confidential, personal, business, financial, trade secret, or other proprietary information by conspicuously writing, typing, or stamping on the face of such document, answer or transcript the word "CONFIDENTIAL" or by otherwise notifying all counsel in writing, and, in the case of deposition transcripts and exhibits, also the court reporter, within 30 days from the receipt of the deposition transcript. Any documents, testimony, or information designated as "CONFIDENTIAL" by a DESIGNATING PARTY is herein referred to as CONFIDENTIAL INFORMATION.

3. **CHALLENGES**:

   3.1  Should any party object to the designation of a document, testimony or information as "CONFIDENTIAL," such party shall give the DESIGNATING PARTY reasonable notice thereof. The DESIGNATING PARTY shall respond within 30 business days. The Parties shall make good faith efforts to resolve the dispute informally. If efforts to resolve the dispute over documents marked CONFIDENTIAL, the disputing party may apply to the Court for a ruling that the CONFIDENTIAL INFORMATION shall not be so treated. Until this Court enters an Order, if any, changing the designation of the CONFIDENTIAL INFORMATION, such CONFIDENTIAL INFORMATION shall be treated by all parties in accordance with this Order.

   3.2  Except upon further Order of this Court, CONFIDENTIAL INFORMATION shall be disclosed only to the Court, counsel of record for the parties, including in-house counsel and co-counsel retained for this litigation (and their administrative staffs on a "need to know" basis), individual parties, class representatives, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation, and consulting or testifying experts retained by the parties retained for the prosecution or defense of this litigation, any authors or recipients of the CONFIDENTIAL INFORMATION, the Court, Court personnel, and court reporters, and witnesses (the "PERMITTED RECIPIENTS"). No person

receiving CONFIDENTIAL INFORMATION shall disclose them or their contents to any person other than the PERMITTED RECIPIENTS.

   3.3   Consultants or expert witnesses retained for the prosecution or defense of this litigation shall execute a copy of the Certification annexed to this Order as Exhibit "A" before being shown or given any CONFIDENTIAL INFORMATION.

   3.4   Witnesses (other than any authors or recipients of the CONFIDENTIAL INFORMATION) shall sign the Certification before being shown a confidential document.

4. **USE**:

   4.1   All CONFIDENTIAL INFORMATION shall be used solely for the preparation for and use at the trial of this action or in other actions involving individuals represented the same counsel for Plaintiffs and related to the 2020 *Salmonella* outbreak that is at issue in this litigation and shall not be used or disclosed by any receiving person for any other purpose, including any commercial or business purpose.

   4.2   Counsel of record in this litigation receiving CONFIDENTIAL INFORMATION shall be allowed to disclose them or their contents to any other person only upon order of the Court or upon receipt of written permission from opposing counsel granting such disclosure.

   4.3   Counsel may permit expert(s) hired by any party in anticipation of litigation to review CONFIDENTIAL INFORMATION, but counsel must first obtain from each expert a written statement confirming the expert's agreement to comply with every element of this Protective Order. Said expert shall agree that the CONFIDENTIAL INFORMATION shall not be disclosed to any other person, said documents shall not be photocopied or reproduced by any other means, and said documents shall be destroyed after conclusion of this action.

5. **CLAW-BACK**:

   5.1   The inadvertent production by any of the undersigned Parties or non-Parties to

Greenan, Peffer, Sallander & Lally LLP

this action of any document, testimony, or information during discovery in this action without a "CONFIDENTIAL" designation, shall be without prejudice to any claim that such item is "CONFIDENTIAL" and such Party shall not be held to have waived any rights by such inadvertent production.

5.2 In the event that any document, testimony or information that is subject to a "CONFIDENTIAL" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (30) days of discovery of the inadvertent production, together with a further copy of the subject document, testimony or information designated as "CONFIDENTIAL" (the "INADVERTENT PRODUCTION NOTICE"). Upon receipt of such INADVERTENT PRODUCTION NOTICE, the Party that received the inadvertently produced document, testimony, or information shall promptly destroy the inadvertently produced document, testimony, or information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such document, testimony, or information to counsel for the producing Party and shall retain only the designated CONFIDENTIAL MATERIAL.

5.3 This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of documents, testimony, or information, such law shall govern.

6. **NON-WAIVER:**

6.1 Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege, and materiality.

6.2 Notwithstanding the foregoing provision, this Order shall not restrict in any

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

manner the right of any party to offer or use as evidence at the trial of this action any CONFIDENTIAL INFORMATION, and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility at trial of any evidentiary material.

7. **FILING:**

   7.1 If CONFIDENTIAL INFORMATION needs to be filed in this litigation, the filing party shall provide notice to the designating party five (5) business days prior to filing of their intent to file said documents. Thereafter, within five (5) business days of receiving the request, the designating party shall either 1. indicate filing party may file the documents openly or 2. file contemporaneously with filing party a Motion to Seal justifying the sealing of the documents under federal law. If designating party fails to timely respond to requests from filing party to file a Motion to Seal, filing party may openly file the documents on the record. Nothing prohibits designating party from thereafter filing a Motion to Compel seeking to remove those documents from the record and file them under seal. In the event filing party is unable to notify designating party prior to filing any CONFIDENTIAL INFORMATION because of time limitations or other justifiable reason, filing party is obligated to file a Motion to Seal in the first instance.

8. **RETURN:** All CONFIDENTIAL INFORMATION, and all copies of CONFIDENTIAL INFORMATION, shall be returned to counsel for the DESIGNATING PARTY, or destroyed, within thirty (30) days of the conclusion of this action, whether by dismissal, settlement, or entry of judgment. All CONFIDENTIAL INFORMATION so returned shall be accompanied by an affidavit of the returning counsel attesting to the fact that no copies have been retained and that any and all copies known to them have been destroyed.

9. **MISCELLANEOUS:**

   9.1 This Order may be modified by further order of this Court or by agreement of

Greenan, Peffer, Sallander & Lally LLP

counsel for the parties, subject to the approval of the Court, provided that any such agreement be memorialized in the form of a stipulation that shall be filed with the Clerk and made a part of the record in the case.

9.2 If any person subject to this Order who has custody of any CONFIDENTIAL INFORMATION receives a subpoena or other process from any government or other person or entity demanding production of CONFIDENTIAL INFORMATION, the recipient of the subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the DESIGNATING PARTY, and shall furnish such counsel with a copy of the subpoena. Upon receipt of this notice, the DESIGNATING PARTY may, in its sole discretion and at its own cost, move to quash or limit the subpoena, otherwise oppose production of the CONFIDENTIAL INFORMATION, and/or seek to obtain confidential treatment of such CONFIDENTIAL INFORMATION from the subpoenaing person or entity to the fullest extent available under law. The recipient of the subpoena may not produce any CONFIDENTIAL INFORMATION pursuant to the subpoena prior to the date specified for production on the subpoena.

9.3 The Parties may designate any documents produced by third parties, whether in response to a subpoena or other request, as CONFIDENTIAL by providing written notice to the opposing Party within ten (10) business days of receipt of said documents.

9.4 This Order shall continue to be binding after the conclusion of this action and all subsequent proceedings arising from this action, except that a Party may seek the written permission of the DESIGNATING PARTY or may move the Court for relief from the provisions of this Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Order, even after the action is terminated.

9.5 After this Order has been signed by counsel for all Parties, it shall be presented to

1   the Court for entry. Counsel agree to be bound by the terms set forth herein with
2   regard to any CONFIDENTIAL INFORMATION that has been produced before
3   the Court signs this Order.
4   IT IS SO STIPULATED.

**GRUBER LAW GROUP**

Dated: February 24, 2023       By:   /s/ Eric Gruber
                                     Eric Gruber, Esq.
                                     3626 Fair Oaks Boulevard, Suite 100
                                     Sacramento, CA 95864
                                     Phone: 415.868.5297
                                     Fax: 415.325.5905
                                     Attorneys for Plaintiffs

**NICOLET LAW OFFICE S.C.**

Dated: February 24, 2023       By:   s/Lindsay Lien Rinholen
                                     Lindsay Lien Rinholen, Esq.
                                     517 Second Street, Suite 205
                                     Hudson, WI 54016
                                     Telephone: 1-855-NICOLET
                                     Facsimile: 715-304-3651
                                     Attorneys for Plaintiffs

**GREENAN, PEFFER, SALLANDER & LALLY LLP**

Dated: February 24, 2023       By:   /s/Robert L. Sallander
                                     Robert L. Sallander, Esq. SBN 118352
                                     Helen H. Chen, Esq. SBN 213150
                                     2000 Crow Canyon Place, Suite 380
                                     P.O. Box 10
                                     San Ramon, California 94583
                                     Telephone: (925) 866-1000
                                     Facsimile: (925) 830-8787
                                     Attorneys for Defendant

IT IS SO ORDERED.

Dated:  **February 27, 2023**          _[signature]_
                                       UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

# CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____ in *Matthew Peterson, et al. v. Thomson International, Incorporated*, Case No. 1:22-cv-00701-JLT-CDB. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the Protective Order.

Dated: _____

_____
Name

Greenan, Peffer, Sallander & Lally LLP