1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

MATTHEW PETERSON, et al.,

Case No. 1:22-cv-00701-JLT-CDB

12

Plaintiffs,

ORDER RE: REQUEST FOR RESOLUTION
OF DISPUTED ISSUES

13

v.

14

THOMSON INT'L, INC.,

(Doc. 39)

15

Defendant.

16

17          Following a mid-discovery status conference on February 8, 2023, the Court entered an

18   order addressing several ongoing discovery-related issues the parties brought to the Court's

19   attention.  (Doc. 36).  The parties attempted to resolve the issues but ultimately filed a document

20   titled "Request for Court Resolution of the Disputed Issues" in which they presented competing

21   views of remaining issues and requested the Court's intervention.  (Doc. 39).  The Court

22   convened a status conference with the parties on March 15, 2023, to further discuss the issues,

23   and afterwards invited the parties to file supplemental briefing in the event the parties did not

24   resolve the remaining issues.  (Docs. 43-44).

25          On March 21, 2023, the parties filed a supplemental brief and again requested the Court

26   resolve one remaining issue relating to cost-sharing in connection with Thomson's production of

27   third-party documents, most of which it obtained after receiving authorizations from individual

28   Plaintiffs to obtain certain records. (Doc. 45).

1   The Court commends the parties' counsel for their significant efforts that resulted in their

2   resolving disputes relating to a protective order and Plaintiffs' authorizations without Court

3   intervention, and separately, for briefing and narrowing the remaining discovery dispute that the

4   Court addresses below.

5   **Background**

6   Plaintiffs are eight individuals from three different states and Canada that allege during

7   June and July 2020, they suffered damages after consuming Salmonella-contaminated onions that

8   Thomson introduced into the stream of commerce.  They seek recovery for medical and

9   psychological care, lost income and pain and suffering.  Plaintiffs claim Thomson is strictly liable

10  for selling an unreasonably dangerous and defective food product, and that Thomson may also be

11  liable under breach of warranty, negligence, and negligence per se theories of recovery.  Thomson

12  contends its onions were not contaminated while in its possession, custody and control and it did

13  not cause any Salmonella outbreak that harmed Plaintiffs.

14  With the benefit of authorizations voluntarily provided by Plaintiffs to Thomson at its

15  request, Thomson has obtained from third parties medical and employment records relating to

16  Plaintiffs.  Thomson has declined to provide copies of the records to Plaintiffs in response to their

17  discovery requests on the grounds that Plaintiffs "refuse to contribute and want the third party

18  documents for free."  (Doc. 45 at p.3).  Thomson contends that Plaintiffs have sufficient recourse

19  to obtain the same documents directly from the third parties, but instead "want a copy of their

20  medical records for free to prepare for depositions and expert discovery, to litigate their claims

21  against defendant." *Id*. at p.2.

22  **Legal Standard**

23  "The purpose of discovery is to make trial less a game of blind man's bluff and more a

24  fair contest with the basic issues and facts disclosed to the fullest extent possible, and to narrow

25  and clarify the issues in dispute." *Jadwin v. Cnty. Of Kern*., No. 1:07-cv-0026-OWW-TAG, 2008

26  WL 2025093, *1 (E.D. Cal. May 9, 2008) (quotation and citations omitted).  Litigants are entitled

27  to seek from each other discovery of information that is "relevant to the claim or defense of any

28  party." Fed. R. Civ. P. 26(b).  "The party who resists discovery has the burden to show that

1    discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its

2    objection." *Jadwin*, 2008 WL 2025093, at *1. (quotation and citations omitted).

3          In response to a party's request for production of documents, the receiving party "is

4    obliged to produce all specified relevant and nonprivileged documents or other things which are

5    in its 'possession, custody or control' on the date specified in the request." *Id.* (quoting Fed. R.

6    Civ. P. 34(a)).

7    **<u>Discussion</u>**

8          Here, it does not appear Thomson contests the documents at issue are "relevant" and

9    subject to discovery under Rules 26 and 34 – indeed, it presumably sought and obtained the

10   documents from third parties because it considers them relevant to either or both Plaintiffs'

11   claims or its own defenses.[1]  Instead, the singular issue is Thomson's refusal to produce records it

12   obtained unless and until Plaintiffs agree to share in defraying the costs associated with obtaining

13   the records.

14         "Under the discovery rules, the presumption is that the responding party must bear the

15   expense of complying with discovery requests, but may involve the district court's discretion

16   under Rule 26(c) to grant protective orders protecting him from undue burden or expense in doing

17   so, including orders conditioning discovery on the requesting party's payment of the costs of

18   discovery." *Jadwin*, 2008 WL 2025093, at *5 (quotation and citations omitted).  "Cost-shifting

19   should only be ordered when discovery imposes an 'undue burden or expense' that outweighs the

20   likely benefits of the discovery and after consideration of all relevant factors." *Id.*

21         The Court acknowledges authority cited by Thomson and other authority that permits the

22   Court under appropriate circumstances to direct cost-sharing along the lines Thomson seeks here.

23   But the cases Thomson cites are distinguishable from the case at hand.  Thus, for instance, in

24   *Jadwin* (*see* Doc. 39 at p. 4; Doc. 45 at p. 4), although the Court ordered reimbursement of

25   reproduction costs, it appears the parties generally reached a stipulation regarding the terms of

26   _____

27         [1] Although Thomson reportedly objected to producing documents it provided to its experts
     on, among other things, attorney-client privilege and work-product doctrine grounds, the Court
28   presumes that objection would dissolve were Thomson instead ordered to produce *all* documents
     it sought and obtained from third parties relating to Plaintiffs' medical and employment history.

1  reimbursement and the Court merely ordered cost-sharing consistent with the parties' agreement.

2  2008 WL 2025093, at *5.  Similarly, in *Mauna Kea Resort, LLC, v. Affiliated FM Ins. Co*. (*see*

3  Doc. 39 at p. 4; Doc. 45 at p. 5), the Court directed the propounding party to pay approximately

4  half of the costs the producing party incurred in obtaining third-party documents; however,

5  similar to the facts in *Jadwin*, the parties agreed to share the costs in advance.  2009 WL

6  10677170, *3 (D. Haw. Mar. 3, 2009).

7       In *re Asbestos Prods. Liability Litig*., (*see* Doc. 39 at p. 4; Doc. 45 at p. 4), the Court

8  directed defendants to share pro-rata in plaintiff's costs of obtaining third-party documents.  2011

9  WL 6150640, *1-2 (E.D. Pa. Dec. 9, 2011).  However, the Court's opinion does not cite,

10 acknowledge or analyze governing authority (*e.g.*, Rules 26(b) & (c)) requiring a consideration of

11 whether production without cost-shifting imposes an "undue" burden, whether any burden is

12 outweighed by the benefits of discovery, and a consideration of all other relevant factors.

13      Here, the Court finds Thomson has not met its burden of demonstrating that the balance of

14 relevant factors under Rule 26 trumps the presumption that parties shoulder their own costs

15 associated with complying with discovery obligations.  Thus, it is not clear from Thomson's

16 filings precisely what total amount of proposed costs to be shared are at issue and, thus, whether

17 the costs are unduly burdensome.  The Court's balancing takes into account the fact that Plaintiffs

18 voluntarily provided authorizations that facilitated Thomson's ability to request and obtain the

19 documents (thus, reducing the burden).  In sum, while Thomson's efforts to obtain the documents

20 at issue were burdensome, the Court cannot conclude that the burden was undue such that costs

21 should be shared.[2]

22      Accordingly, it is HEREBY ORDERED that Thomson's request for an order requiring

23 Plaintiffs to share the costs that Thomson incurred in connection with requesting from third

24 parties the records at issue in this dispute is DENIED.

25 / / /

26 / / /

27

28      [2] The Court notes that, in the event Thomson is a prevailing party in this litigation, it will
        retain recourse to a bill of costs pursuant to Fed. R. Civ. P. 54(c) and 28 U.S.C. § 1920.

1    It is FURTHER ORDERED that Thomson produce the records at issue in this dispute and

2 which are called for by Plaintiffs' discovery requests with any remaining, asserted objections

3 within seven days of the date of this Order.

4 IT IS SO ORDERED.

5    Dated:   **March 23, 2023**

6                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28