Robert L. Sallander, Esq., (SBN 118352)
  rsallander@gpsllp.com
Helen H. Chen, Esq., (SBN 213150)
  hchen@gpsllp.com
GREENAN, PEFFER, SALLANDER & LALLY LLP
2000 Crow Canyon Place, Suite 380
San Ramon, California 94583
Telephone: (925) 866-1000
Facsimile: (925) 830-8787

Attorneys for Defendant(s)
THOMSON INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PETERSON, SADIE FLODING, COLIN STRUB, CARSON BRENDA, JODY BARRY, TEISCHA BENSON, LYNNETTA KLAM, and LORI DAVIES,<br><br>Plaintiff(s),<br><br>v.<br><br>THOMSON INTERNATIONAL, INCORPORATED, a California corporation; DOES 1-10, INCLUSIVE; and ROE ENTITIES 1-10, INCLUSIVE,<br><br>Defendant(s). | Case No.: 1:22-cv-00701 JLT-CDB<br><br>**DEFENDANT THOMSON INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND RULE 16 SCHEDULING ORDER**<br><br>Date: May 31, 2023<br>Time: 10:30 a.m.<br>Place: 510 19th Street, Suite 200<br>            Bakersfield, CA<br><br>Magistrate Judge: Hon. Christopher D. Baker |

Pursuant to Federal Rules of Civil Procedure 16(b)(4), defendant Thomson International, Inc. ("Thomson") respectfully requests the court to amend Rule 16 scheduling order.

**I.   Thomson Was Diligent in Assisting the Court in Creating a Workable Rule 16 Order**

Rule 16(b)(4) of Federal Rules of Civil Procedure states:

> (4) Modifying a Schedule. A schedule may be modified only for good cause and with judge's consent.

---

DEFENDANT THOMSON INTERNATIONAL, INC.'S MOTION TO AMEND RULE 16 SCHEDULING ORDER        Case No.: 1:22-cv-00701 JLT-CDB

Fed. R. Civ. Pro. Rule 16(b)(4) is referring to any modification of a Rule 16 Scheduling Order issued by the Court.

The Ninth Circuit defined "good cause" in *Johnson v. Mammoth Recreation*, 925 F. 2d 604, 610 (9th Cir. 1992)(internal citations omitted):

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification.

The Eastern District construed the diligence requirement in *Jackson v. Laureate, Inc*., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(internal citations omitted):

> to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

In the case at bar, eight plaintiffs from two countries and five states filed this action against Thomson. None of the plaintiffs reside in California. On August 4, 2022, Thomson assisted the Court in creating a workable Rule 16 order by filing a Joint Scheduling Order. (Dkt. 9.) On August 18, 2022, the Court adopted the proposed schedule and issued a Scheduling Order in this case. (Dkt. 19.) Non-expert discovery deadline is May 18, 2023. (*Id.*) Thomson diligently attempted to adhere to the schedule throughout the subsequent course of the litigation.

**II.     Thomson Was Diligent in Complying with the Scheduling Order**

On September 15, 2022, Thomson served the following discovery requests upon all eight plaintiffs: (1) Interrogatories, Set One; and (2) Request for Production of Documents, Set One. (Sallander Decl., ¶ 4.) Starting November 10, 2022, Thomson has sent out authorizations to

plaintiffs to release their records from their medical providers, employers, Food & Drug Administration ("FDA"), Centers for Disease Control and Prevention ("CDC"), and state and county public health agencies, and has sent out all records requests after receipt of authorizations. (Sallander Decl., ¶ 5.) However, despite Thomson's diligence, 33 records are still outstanding. (Sallander Decl., ¶ 6.)

### III.  Thomson Was Diligent in Seeking Amendment of the Rule 16 Order

On April 19, 2023, defense counsel met & conferred with plaintiff counsel concerning extending deadlines. (Sallander Decl., ¶ 7.) Plaintiff counsel refused to extend the trial date. (*Id*.) On April 24, 2023, defense firm contacted the court concerning scheduling a hearing for motion to amend schedule. (Sallander Decl., ¶ 8.)

### IV.  It Will Be Unduly Prejudicial to Thomson If the Deadlines Are Not Extended

With 33 records still outstanding, Thomson will not be able to complete discovery before the May 18, 2023 non-expert discovery deadline. While Thomson noticed plaintiffs' depositions to preserve rights, it is impossible to take meaningful depositions without complete records. (Sallander Decl., ¶ 9.)

Moreover, expert disclosure deadline is June 1, 2023. Thomson's experts will not be able to fully evaluate plaintiffs' claims without the outstanding records.

Finally, Thomson will be unduly prejudiced in motion practices and cannot adequately prepare for trial without complete records.

Therefore, it will be extremely detrimental to Thomson if the deadlines are not extended.

### V.  Thomson Requests a Nine Months Non-Expert Discovery Extension

Thomson anticipates that a nine months non-expert discovery extension is necessary to complete factual discovery based on the experiences of consolidated Thomson cases in the Eastern District.

The Court has granted ninth months extensions for consolidated Thomson cases.[1] Discovery is more extensive in this case than the consolidated cases. This case has eight

---

[1] *Angelo v. Thomson*, case no. 1:21-cv-01609-JLT-CDB, Dkt. 40; *Anntonette Sartori v. Thomson*, case no. 1:22-cv-00027-JLT-CDB, Dkt. 31; *Paquette v. Thomson*, case no. 1:22-cv-

3

plaintiffs. Before consolidation, five individual cases have only one plaintiff, one individual case has three plaintiffs, and one individual case has six plaintiffs. (*Angelo v. Thomson*, case no. 1:21-cv-01609-JLT-CDB, Dkt. 40 at 4:8, 4:17, 5:2, 5:11, 5:20, 5:27, 6:6.)

There are no discovery delays or disputes in the consolidated cases. By contrast, the parties have appeared before the Court twice on discovery disputes (Dkt. 36, 43), and Thomson will file a motion to compel further responses to Interrogatory No. 17 as repeated meet & confer efforts have failed. Based on past experiences in this case, discovery issues may potentially arise in depositions of plaintiffs.

Accordingly, a nine months extension of factual discovery deadline is necessary for Thomson to complete discovery.

## VI. Conclusion

Based upon the foregoing, good cause has been shown and Thomson respectfully requests that the Rule 16 Scheduling Order in this case be modified and the deadlines be continued to allow Thomson to properly prepare for trial and conduct discovery.

Respectfully submitted,

Dated: April 26, 2023

GREENAN, PEFFER, SALLANDER
& LALLY, LLP

By: /s/
Robert L. Sallander, Esq.
Helen H. Chen, Esq.
Attorneys for Defendant(s)
THOMSON INTERNATIONAL, INC.

---

00034-JLT-CDB, Dkt. 31; *Garofalo v. Thomson*, case no. 1:22-cv-00037-JLT-CDB, Dkt. 27; *Jackson v. Thomson*, case no. 1:22-cv-00038-JLT-CDB, Dkt. 31; *Sams v. Thomson*, Case no. 1:22-cv-00387-JLT-CDB, Dkt. 28; *Austin v. Thomson*, case no. 1:22-cv-00388-JLT-CDB, Dkt. 25.