Lindsay Lien Rinholen (admitted PHV)
Nicolet Law Office, S.C.
517 2nd Street, Suite 205
Hudson, WI 54016
Tel: 715-245-2415
lindsay@nicoletlaw.com

Eric R. Gruber, SBN 262602
3626 Fair Oaks Blvd., Suite 100
Sacramento, CA 95864
Tel: 415-868-5297
Fax: 415-325-5905

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PETERSON, SADIE FLODING, COLIN STRUB, CARSON BRENDA, JODY BARRY, TEISCHA BENSON, LYNNETTA KLAM, and LORI DAVIES,<br><br>Plaintiff(s),<br><br>v.<br><br>THOMSON INTERNATIONAL, INCORPORATED, a California corporation; DOES 1-10, INCLUSIVE; and ROE ENTITIES 1-10, INCLUSIVE,<br><br>Defendant(s). | Case No.: 1:22-cv-00701 JLT-BAK (SKO)<br><br>**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO AMEND RULE 16 SCHEDULING ORDER**<br><br>Magistrate Judge: Christopher D. Baker<br><br>Date: May 11, 2023<br>Time: 10:30 a.m.<br>Dept: 510 19th Street, Suite 200<br>Bakersfield, CA |

## INTRODUCTION

A 9-month extension of the deadlines in this product liability will harm Plaintiffs who were sickened by Defendant's contaminated onions nearly 3 years ago, delaying relief until December 24—more than 4 years after the outbreak. As MLK said, "Justice too long delayed is justice denied." Good cause does not exist for a 9-month extension of fact discovery as requested by Defendant Thomson International. Plaintiffs propose a more modest two-month extension that would not impact the trial date. Alternatively, Plaintiffs ask that the court deny the motion and keep the current deadlines.

## ARGUMENT

### I. NINE MONTHS IS A SUFFICIENT TIMEFRAME FOR FACT DISCOVERY

The scheduling order in this case was issued on August 18, 2022, and set forth a 9-month fact discovery window. Dkt. No. 19.

As it presently stands, the parties are subject to the following deadlines:

A. Fact Discovery: May 18, 2023
B. Expert Disclosures: June 1, 2023, June 29, 2023 (rebuttal)
C. Expert Discovery: July 27, 2023
D. Non-Dispositive Motions: August 10, 2023 (filed), September 20, 2023 (heard)
E. Dispositive Motions: October 11, 2023 (filed), November 22, 2023 (heard).
F. Pre-Trial Conference: January 26, 2024
G. Trial: March 26, 2024

Following the mid-discovery status conference, "The Court reiterated its reluctance to adjust discovery deadlines and directed the parties to review the Scheduling Order, which provides that the case management dates are "firm" and will not be adjusted absent stipulations accompanied by affidavits that establish good cause." Dkt. No. 36, Feb. 8, 2023 at 1.

Defendant seeks to double fact discovery with a 9-month extension, which would move the close of fact discovery to approximately 1 month before the current trial date. Defendant proposes moving trial from March 2024 to December 2024—19 months from now.

Instead of the exorbitant extension sought by Defendant Thomson, Plaintiffs have offered to stipulate to a 2-month extension of fact and expert discovery without a corresponding move of the trial deadline. Lien Decl. ¶ 26-27.

A proposed schedule with a more modest extension could preserve the March 2024 trial date, particularly if the non-dispositive and dispositive motion deadlines are combined:

A. Fact Discovery: July 18, 2023
B. Expert Disclosures: August 1, 2023, August 29, 2023 (rebuttal)
C. Expert Discovery: September 20, 2023
D. Non-Dispositive Motions: October 11, 2023 (filed), November 22, 2023 (heard)
E. Dispositive Motions: October 11, 2023 (filed), November 22, 2023 (heard).
F. Pre-Trial Conference: January 26, 2024
G. Trial: March 26, 2024

Alternatively, Plaintiffs propose no change to the existing scheduling order.

## II.   THOMSON HAS NOT DEMONSTRATED GOOD CAUSE FOR A NINE-MONTH EXTENSION

As indicated by the Court, requests for extended discovery must be supported by affidavits in support of the motion. The declaration of Robert Sallander that accompanies Defendants' motion contains only self-serving commentary claiming that "[d]espite Thomson's diligence, 33 records are still outstanding." Thomson does not identify the requests that remain outstanding.[1]  Some authorizations for (presumably) outstanding requests were requested as recently as April 11,

---

[1] Plaintiffs had provided 56 authorizations as of February 24, 2023, more than 2 months ago. See Dkt. No. 39 at 2. At that time, only authorizations for one plaintiff were outstanding. *Id.*

2023, and returned within days. Lien Decl. ¶ 16. Moreover, Thomson chose to use a third-party service to request records rather than issuing subpoenas,[2] which could have set more deadlines to respond.

Defendant has sufficient records in its possession. Thomson has possessed thousands of pages of plaintiffs' relevant medical records since prior to the mid-discovery status conference. Health department records or correspondence were provided for each Plaintiff with initial disclosures, along with the CDC's line list of culture-confirmed cluster cases. Defendant's chosen litigation strategy—to request 10 years of "any and all" records—is not proportional to the needs of these *Salmonella* cases and is unsurprisingly cumbersome and time-consuming.

Thomson regularly compares this case to related cases for which the parties stipulated to a nine-month extension, despite opposing consolidation. Dkt. No. 48, Def. Memo. at 3-4, see also Dkt. No. 29, Nov. 15, 2022.[3] Whether other parties and counsel agree to a longer discovery timeframe is immaterial to this case.

While Plaintiffs agreed to stipulate to a modest extension (e.g., 2 months) to permit Defendant to follow up on outstanding requests or issue subpoenas, a longer extension will serve only to delay Plaintiffs their inevitable day in court and frustrate their pursuit of justice.

---

[2] See Dkt. No. 42, Ntc. of Errata at pp. 1-2 "[D]efendant in fact only retained Compex to obtain plaintiffs' employment and medical authorizations. No subpoenas were issued in this action."

[3] Upon a Pacer search, it appears that many related cases were consolidated with an August 29, 2023, discovery deadline and July 9, 2024, trial date. *See Angelo v. Thomson International, Inc.*, 1:21-cv-01609-JLT-CDB, Dkt. No. 40, December 2, 2022.

4

PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT'S   Case No.:   1:22-cv-00701 JLT-BAK
MOTION TO AMEND RULE 16 SCHEDULING ORDER                               (SKO)

### III. THOMSON HAS NOT DILIGENTLY COOPERATED IN DISCOVERY

While not directly implicated by the instant motion, because the standard for granting or rejecting a request for an extension focuses on the conduct of the requesting party, it bears mentioning that Thomson has often not conducted itself in a diligent manner. Instead, the request for an extension that would double fact discovery is part of a consistent trend of pushing out deadlines.

Thomson sought relief from ordinary discovery timelines as early as December 2, 2022, and did not provide the bulk of its documents until February 28, 2022. Lien Decl. ¶¶ 3 & 7. Throughout the discovery process, Defendant Thomson has often been unresponsive. For example, Thomson took several weeks to respond regarding its proposed protective order (from December 7, 2022, to February 2023).[4] Lien Decl. ¶¶ 3-4.

Thomson failed to respond substantively regarding scheduling key depositions, forcing Plaintiffs to serve a notice and book travel without a clear indication that the witnesses would appear. Lien Decl. ¶¶ 9, 11-14, and 17. Preparation for these depositions required expedient review of over 40,000 documents by Plaintiffs' counsel to adhere to the Court-imposed discovery deadlines. Lien Decl. ¶7.

Thomson also repeatedly failed to cordial requests to set aside or schedule dates for Plaintiffs' depositions, instead serving them without agreement after filing this motion. Lien Decl. ¶¶ 8, 11, 15, 21, and 23.

---

[4] Even after agreeing to a more general protective order, nearly all Thomson documents were all produced with a confidential designation. Lien Decl. ¶7.

While litigation is necessarily an adversarial process, discovery relies upon consistent communication and cooperation between counsel. The California Rules of Professional Conduct require that lawyers act with "reasonable diligence" and do not "neglect[,] disregard, or unduly delay a legal matter entrusted to the lawyer." C.R.P.C. 1.3 Diligence. Lawyers should not "use means that have no substantial purpose other than to delay or prolong the proceeding or … cause needless expense. C.R.P.C. 3.2.

While the conduct of defense counsel does not likely violate these ethical maxims, neither does it represent a high degree of diligence or regard for the Court's scheduling order. Granting Defendant's request for an extension that would double the length of fact discovery based on the mere claim that defendant has been diligent would effectively condone the multiple failures to respond to emails and voicemails seeking collaboration regarding necessary discovery.

## **CONCLUSION**

This straightforward products liability case does not require an 18-month fact discovery phase. In the interest of compromise, a modest extension of 2 months that would not affect the trial date would appropriately address defendants' concerns regarding its lingering records requests. Alternatively, Plaintiffs request that the Court enforce its August 18, 2023, Scheduling Order, as Defendant Thomson International Inc. has not demonstrated need for an extension.

Dated: 5/5/23   　　　　　　　　　　　s/Lindsay Lien Rinholen
　　　　　　　　　　　　　　　　　　Lindsay Lien Rinholen (admitted PHV)
　　　　　　　　　　　　　　　　　　Nicolet Law Office, S.C.
　　　　　　　　　　　　　　　　　　517 2nd Street, Suite 205
　　　　　　　　　　　　　　　　　　Hudson, WI 54016
　　　　　　　　　　　　　　　　　　Tel: 715-245-2415
　　　　　　　　　　　　　　　　　　lindsay@nicoletlaw.com

6

PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT'S          Case No.:   1:22-cv-00701 JLT-BAK
MOTION TO AMEND RULE 16 SCHEDULING ORDER                              (SKO)