UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PETERSON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THOMSON INT'L, INC.,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00701-JLT-CDB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF CASE MANAGEMENT DATES<br><br>(Doc. 47) |

　　　　Pending before the Court is Defendant's motion for a nine-month extension of all case management dates, supporting memorandum and attorney declaration, filed April 26, 2023. (Docs. 48-50). Plaintiffs filed an opposition with supporting declaration. (Docs. 53-54). The Court convened the parties for a motion hearing on May 11, 2023. The Court has considered the arguments made by the parties in their filings and supplemented during the motion hearing, and for the reasons set forth on the record during that hearing and further below, the Court makes the following rulings.

**<u>Introduction</u>**

　　　　Defendant argues a nine-month extension of discovery, pretrial motion and trial dates is warranted because it has transmitted 33 document requests to various third parties, including the Centers for Disease Control and Prevention, Food and Drug Administration, various public health agencies, and numerous of the Plaintiffs' medical providers, all of which remain outstanding.

Defendant proffered during the motion hearing that its experience through litigating similar claims in other courts is that some of the public health agencies have taken up to eight months to respond to similar record requests.  Defendant maintains that it timely transmitted the record requests after receiving disclosure authorizations from Plaintiffs – a process that was protracted and required Court intervention to resolve.  (*See* Docs. 35-36, 39).  Defendant maintains it would suffer significant prejudice without the requested extensions, arguing, for instance, that "it is impossible to take meaningful depositions without complete records" and that Defendant could not adequately prepare for trial without the records.  (Doc. 47 at 5).

Plaintiffs generally argue that Defendant has not met its burden of demonstrating good cause for such a lengthy extension, that Defendant through lack of diligence is responsible in part for its discovery challenges, and that Plaintiffs are amenable to a more "modest" two-month extension.  (Doc. 53 at 4-5).

**Legal Standard**

Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).  If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified.  *Id*. If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (*quoting Johnson*, 975 F.2d at 609).

In addition to focusing on the good cause standard of Rule 16, the district court must also consider the following factors when ruling on a motion to amend the scheduling order: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Morris v. Sutton*, No 1:17-cv-01488-AWI-SAB, 2019

WL 2994291, *4 (E.D. Cal. July 9, 2019) (quoting *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017)).

**Analysis**

First, the Court concludes Defendant has demonstrated sufficient good cause that the Court may grant the requested modification to all case management dates. Defendant has acted diligently: it consulted with Plaintiffs to seek voluntary authorizations for document disclosures, retained a third-party vendor to assist in obtaining the documents, and generally acted in a timely fashion.

Plaintiffs' counterarguments that Defendant has not acted with diligence are unpersuasive. While the Court agrees with Plaintiff that Defendant's sparse motion papers standing alone failed to adequately demonstrate diligence sufficient to warrant a nine-month extension (Doc. 53 at 3-4), Defendant sufficiently supplemented the record during the motion hearing to establish good cause, as set forth above. In particular, Defendant represented that it has taken public health agencies in other litigations up to eight months to return the types of records at issue in this case. Plaintiffs have identified any material delay or lack of diligence by Defendant in connection with seeking to obtain these and the other records that have been requested but not yet received from third parties.

Plaintiffs' other arguments implicating Defendant's lack of diligence (*id.* at 5-6) are more akin to general complaints regarding Defendant's lack of responsiveness and cooperation in conducting discovery – those complaints do not evidence a lack of diligence on the part of Defendant in connection with seeking the outstanding discovery it maintains warrants the requested extensions.

The Court also has considered the *City of Pomona* factors and concludes, on balance, they favor granting the extensions. The only additional prejudice or harm Plaintiffs claim they may suffer if Defendant's motion is granted is a nine-month delay in seeking recovery for injuries that were sustained almost three years ago. Although the Court shares Plaintiffs' preference for a speedier disposition of the case, Plaintiffs do not articulate, for instance, tangible prejudice such as increased costs or substantial alterations to litigation strategy that other courts find weighs

3

against granting motions to modify the case schedule. *E.g., Morris*, 2019 WL 2994291, *5. *See Keiper v. Victor Valley Transit Auth.*, 2016 WL 11651894, *4 (C.D. Cal. May 19, 2016) ("The Court agrees that Plaintiffs would suffer some prejudice if the Court [extends] the instant action…. However, the Court is unpersuaded by Plaintiffs argument that they will be prejudiced by the delay in their recovery of damages, as it presumes that the plaintiffs will prevail on their claims.").

The Court also balances the prejudice Defendant would suffer in being required to complete discovery within the next week without the benefit of having a significant number of outstanding medical and other records that are important to exploring and developing Plaintiffs' claims for relief.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Defendant's motion (Doc. 47) is GRANTED.

It is FURTHER ORDERED that the Scheduling Order (Doc. 19) remains in full force and effect with the following amendments:

Discovery Deadlines:

    Non-Expert Discovery Cut-off: February 19, 2024

    Expert Disclosure Deadline: March 4, 2024

    Rebuttal Expert Disclosure Deadline: March 18, 2024

    Expert Discovery Cut-off: April 15, 2024

Non-Dispositive Motion Deadlines:

    Filing Deadline: April 29, 2024

    Hearing Deadline: June 5, 2024, at 8:30 a.m., Bakersfield, CA

Dispositive Motion Deadlines:

    Deadline to Meet & Confer: June 10, 2024

    Filing Deadline: June 24, 2024

    Hearing Deadline: August 6, 2024, at 8:30 a.m., Fresno, CA

///

1     Pre-Trial Conference:

2         Joint Pretrial Statement Filing Deadline: September 20, 2024

3         Pre-Trial Conference Date: October 7, 2024, at 1:30 p.m., Fresno, CA

4         Jury Trial: December 3, 2024, at 8:30 a.m., Fresno, CA

5 IT IS SO ORDERED.

6 Dated: **May 12, 2023**

7                                        UNITED STATES MAGISTRATE JUDGE