| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| MATTHEW PETERSON, et al., | Case No. 1:22-cv-00701-JLT-CDB |
|---|---|
| Plaintiffs, | ORDER DENYING MOTION TO DISMISS |
| v. | (Doc. 23) |
| THOMSON INTERNATIONAL, INC., et al., | |
| Defendants. | |

**INTRODUCTION**

This is a putative class action naming eight representative Plaintiffs who allege they and others were sickened after consuming *Salmonella*-contaminated onions distributed by Defendant Thomson International, Inc. (*See generally* Doc. 1.) The complaint filed in this Court on June 10, 2022, advances four causes of action: (1) strict liability; (2) breach of warranty; (3) negligence; and (4) negligence per se. (*Id*.)

One of the named Plaintiffs, Lynetta Klam, who claims to have suffered from an acute *Salmonella* infection requiring extensive medical treatment, is a resident of Alberta, Canada. (*Id*., ¶¶ 7, 67–72.) Attorneys unconnected to the parties in this case filed a separate class action in Alberta (the "Canadian Action") related to the *Salmonella* outbreak allegedly caused by Defendant's onions. (*See generally* Doc. 23-3, Ex. 1.[1]) The Canadian Action advances a

---

[1] The Canadian court documents attached to the motion to dismiss are properly the subject of judicial notice for their

1

1  negligence claim, a claim under the Canadian "Sale of Goods Act," and claims for vicarious
2  liability and punitive damages. (*Id.*) Though not a named plaintiff in the Canadian Action,
3  Plaintiff Klam apparently did not timely opt out of the class in that case. (*See* Doc. 23-1 at 4–6
4  (Defendant's opening brief reviewing records from the Canadian Action).)

5  Before the Court for decision is Defendant's motion to dismiss only Plaintiff Klam from
6  this action pursuant to the "first-to-file" rule. (Docs. 23, 23-1.) Plaintiff opposes the motion, (Doc.
7  27), and Defendant replied (Doc. 31). Pursuant to this Court's standing order and Local Rule
8  230(g), the matter was taken under submission on the papers. For the reasons set forth below, the
9  Court the motion to dismiss is **DENIED**.

## ANALYSIS

The first-to-file rule allows a district court to stay proceedings or dismiss a case "if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). The first-to-file rule "serve[s] the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cali. v. U.S. Dep't. of the Army*, 611 F.2d 738, 750 (9th Cir. 1980). Though the rule is not applied mechanically, courts typically analyze three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues. *Kohn*, 787 F.3d at 1240. "The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Alltade*, 946 F.2d at 628 ((quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952)). When a court finds the rule to be applicable, the court has the power to transfer, stay, or dismiss the case. *Id.* at 623. However, the court has discretion to disregard the rule in the interests of equity. *Id.* at 628.

---

existence and content. *Color Switch LLC v. Fortafy Games DMCC*, 377 F. Supp. 3d 1075, 1090 (E.D. Cal. 2019), *aff'd*, 818 F. App'x 694 (9th Cir. 2020).

Here, a threshold issue warrants outright denial of the motion. Defendants are asking the Court to dismiss only Plaintiff Klam from this lawsuit. The Court presumes this is because all the other seven named Plaintiffs are alleged to be citizens of the United States (Oregon, Montana, and Colorado) (*see* Doc. 1, ¶¶1–8), and therefore could not possibly recover in the Canadian Action, which extends class coverage only to "persons in Canada." (Doc. 23-3 at 4, 104.) Crucially, Defendant does not cite, and the Court has been unable to locate any cases, that have applied the first-to-file rule to dismiss <u>one but not all plaintiffs</u> from a case. To the contrary, the caselaw overwhelmingly discusses the use of the rule to dismiss or stay an <u>entire case</u>. *See, e.g., Kohn*, 787 F.3d at 1239 ("The first-to-file rule allows a district court to stay <u>proceedings</u>. . .") (emphasis added); *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) ("Under [the first-to-file rule], when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second <u>case</u> in the interest of efficiency and judicial economy.") (emphasis added). This makes good sense given that the doctrine is designed primarily to promote efficiency. *See Allrade*, 946 F.2d at 625. Defendant gives lip service to the word "efficiency" in its briefs but does not explain how dismissing Plaintiff Klam from this action would serve the interests of efficiency in any material way, given that all the claims would continue to move forward in this action largely undisturbed. In sum, the Court does not believe the first-to-file rules is properly invoked on the present record. Even if, hypothetically, the rule could be applied here, the Court declines to exercise its discretion to do so because the record does not suggest any notable efficiency gains will result from dismissal of Plaintiff Klam at this time.[2]

///

///

---

[2] To the extent Defendant alternatively suggests that the Court should abstain from hearing Plaintiff Klam's claims under the doctrine set forth in in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), (*see* Doc. 31 at 8-10), that argument was not plainly presented in Defendant's opening brief and could be disregarded for that reason alone. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Even the argument had been properly presented, the applicable authorities suggest that *Colorado River* does not apply under the circumstances either. *See United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1206 (9th Cir. 2021) ("A partial stay does not further the basic purpose of the Colorado River doctrine.").

3

**CONCLUSION AND ORDER**

For the reasons set forth above, the motion to dismiss (Doc. 23) is DENIED.

IT IS SO ORDERED.

Dated: __September 29, 2023__                                  _____
                                                                                            UNITED STATES DISTRICT JUDGE

4