UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PETERSON, et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>THOMSON INT'L, INC.,<br><br>           Defendant. | Case No. 1:22-cv-00701-JLT-CDB<br><br>ORDER RE: REQUEST FOR RESOLUTION OF DISPUTED ISSUES<br><br>(Doc. 61) |

      Pending before the Court is the "Joint Request for Court Resolution of the Disputed Issues" of Defendant Thomson International, Inc. and Plaintiff Carson Brenda. (Doc. 61). As set forth in the introductory paragraph of the joint filing, the parties' request is made pursuant to Rules 30, 34 and 37, Fed. R. Civ. P. Plaintiff does not oppose the relief sough by Defendant. *See id.* p. 7 ("Plaintiff counsel filed a motion to withdraw as counsel for plaintiff Carson Brenda (Dkt. 60) and has no position other than what is stated in the motion."). Accordingly, the Court construes the parties' joint filing as an unopposed motion to compel.

**<u>Background</u>**

      Plaintiffs are eight individuals from three different states and Canada that allege during June and July 2020, they suffered damages after consuming Salmonella-contaminated onions that Defendant introduced into the stream of commerce. Relevant here, Plaintiff Brenda alleges he consumed a tainted onion on or around July 1, 2020, and suffered shortly afterwards a number of

symptoms that required treatment and hospitalization.  (Doc. 1 ¶¶ 49-54.  He seeks recovery for medical care, lost income and other damages.  Plaintiffs claim Defendant is strictly liable for selling an unreasonably dangerous and defective food product, and that Defendant may also be liable under breach of warranty, negligence, and negligence per se theories of recovery.  Defendant contends its onions were not contaminated while in its possession, custody and control and it did not cause any Salmonella outbreak that harmed Plaintiffs.

On September 15, 2022, Defendant served Request for Production of Documents, Set One, upon Plaintiff Brenda.  (Doc. 61 pp. 2-3).  The discovery request directed Plaintiff Brenda to produce a copy of the front and back of his driver's license which Defendant requires in order to seek relevant records from the Center for Disease Control and Prevention (CDC).  *Id.*  Plaintiff Brenda never produced the document. *Id.* (citing Chen Decl., ¶ 5.).

On February 17, 2023, counsel for Plaintiff Brenda transmitted to Defendant an executed CDC authorization form that Defendant requires to facilitate the CDC's provision of relevant records to Defendant; however, the authorization form was unnotarized.  Despite Defendant's request of Plaintiff Brenda to provide a notarized CDC authorization form, Plaintiff Brenda has not provided Defendant with the requested, notarized form.  *Id.* (citing Chen Decl., ¶ 8).

Separately, Defendant noticed the deposition of Plaintiff Brenda to occur on January 18, 2024. *Id.* p. 3.  Despite providing more than six weeks' advance notice, Plaintiff Brenda did not appear for his deposition.  *Id.*

In connection with each of the three discovery issues summarized above, counsel for Plaintiff Brenda has informed Defendant she has been unable to contact Plaintiff.  *Id.*  Counsel for Plaintiff Brenda separately has moved to withdraw from representation on the grounds that, over the past approximately four months, Plaintiff Brenda has not responded to counsel's communications.  (Doc. 60-1).

**Legal Standard**

"Litigants are entitled to seek from each other discovery of information that is "relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b).  Generally, if a party responding to a discovery request fails to comply with the request, the propounding party may seek relief from

court through a motion to compel.  "[T]he party moving to compel bears the burden of demonstrating why the [responding party's] objections are not justified." *Harris v. Quillen*, No. 1:17-cv-01370-DAD-SAB (PC), 2020 WL 4251069, at *1 (E.D. Cal. June 5, 2020) (citing cases). "This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Id.*

**Discussion**

Here, no party disputes that the documents for which Defendant seeks production and the demand that Plaintiff Brenda appear for deposition are relevant and appropriate under Rules 26 and 34. Indeed, the Court previously has determined that the types of documents at issue here are relevant. (Doc. 36).  Plaintiff Brenda offers no reason for withholding production of either the notarized authorization form or copies of his driver's license.  Further, he makes no argument why he should not be ordered to appear for deposition.  Thus, the Court will grant Defendant's request and order Plaintiff Brenda to produce the requested documents and appear for deposition.

The Court cautions Plaintiff that his failure to make himself available for deposition in violation of this Order may be grounds for sanctions, including evidentiary sanctions (*see Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-cv-01938-EPG, 2016 WL 4764669, at *8 (E.D. Cal. Sept. 12, 2016)), and dismissal of his action.  *E.g., Jones v. Frazesn*, No. 2:09-cv-02758 RCT, 2009 WL 3254905, at *3 (E.D. Cal. Oct. 8, 2009) (dismissing action upon plaintiff's failure to appear for continued deposition; *Lugo v. Sham*, No. C00-11-4MMC(JL)(JCS), 2001 WL 348984, at *4 (N.D. Cal. Apr. 5, 2001) (same).

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. Defendant's filing construed as an unopposed motion to compel (Doc. 61) is GRANTED;

2. Plaintiff shall produce a copy of his driver's license and a notarized version of his signed and executed CDC authorization form no later than February 19, 2024; and

///

3. Plaintiff shall appear for and complete his deposition no later than <u>February 19, 2024</u>.

IT IS SO ORDERED.

Dated: **February 2, 2024**

UNITED STATES MAGISTRATE JUDGE