UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PETERSON, et al., | Case No. 1:22-cv-00701-JLT-CDB |
| Plaintiffs, | ORDER GRANTING ATTORNEY LINDSAY LIEN AMIN'S MOTION TO WITHDRAW AS FOR PLAINTIFF |
| v. | |
| THOMSON INTERNATIONAL, INC., | (Doc. 60) |
| Defendant. | |

This matter is before the Court on the motion of Lindsay Lien Amin on behalf of herself and Eric Gruber (local counsel) to withdraw as counsel of record for Plaintiff Carson Brenda, initially filed January 23, 2024, and supplemented on January 25, 2024. (Docs. 58, 60). The Court convened for an in-person and Zoom videoconference hearing on the motion on March 4, 2024. Counsel Amin and counsel for Defendant appeared via Zoom videoconference; Plaintiff Brenda did not appear. For the reasons set forth below, counsel Amin's motion to withdraw will be granted.

**Background**

Plaintiff Carson Brenda is one of eight Plaintiffs who raise claims against Defendant Thomson International Inc., in a complaint filed on June 10, 2022. (Doc. 1). Brenda's claims stem from alleged illness he suffered after consuming onions sourced by Defendant in or around July 1, 2022. *Id.* ¶¶49-56.

**Legal Standard**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules. Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw. *Id*. The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id*.

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*. The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.6(d). Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.6(b)(4).

/ / /

/ / /

**Discussion**

Counsel Amin attests that Plaintiff Brenda has failed to communicate with her about his pending claims. According to counsel Amin, Plaintiff Brenda's conduct has rendered it impossible for counsel to respond to reasonable discovery requests or otherwise comply with his discovery obligations. (Doc. 60 p. 2). Counsel Amin further attests that Plaintiff Brenda has not responded to her communications since June 2023. Counsel attempted to contact Plaintiff Brenda by phone, text message, email, and mail, without a response. Counsel specifically attests that she attempted to contact Plaintiff Brenda on September 13, October 10, October 27, and November 20, 2023, through either text messages or emails. (Doc. 60-1 p. 2). Counsel confirmed during the motion hearing that, up until June 2023, she had successfully communicated with Plaintiff Brenda using all three of those communication mediums (phone, text message, and email).

On January 5, 2024, counsel Amin contacted Plaintiff Brenda by email, mail, and text message informing him that she intended to discontinue representation unless he responded. *Id.* ¶8. She also attempted to call Plaintiff Brenda on January 16, 2024, but he did not answer, and his voicemail was full. During the motion hearing, counsel Amin represented that the voicemail message identified Plaintiff Brenda. Counsel also attempted to contact Plaintiff Brenda by text message. Counsel Lien Amin attempted to contact Plaintiff Brenda through calling or texting him her intention to withdraw but received no answer. *Id.* ¶9.

Finally, on January 22, 2024, counsel Amin sent Plaintiff Brenda a letter through U.S. postal mail as well as an email explaining her notice of motion to withdraw as counsel and informing him of the consequences of such a motion. *Id.* ¶10. She sent another notice following the Court's denial of her initial motion to withdraw. *Id.* ¶12. During the motion hearing, counsel Amin confirmed that none of the correspondence she has transmitted to Plaintiff Brenda via U.S. postal mail has been returned "undeliverable."

The Court finds counsel Amin has provided good cause to withdraw under the California Rules of Professional Conduct as it appears a breakdown in the attorney-client relationship has occurred despite counsel Amin's attempts to engage with Plaintiff Brenda over an extended period of time (between June 2023 and the present). Further, counsel Amin has complied with the notice

3

requirements in Local Rule 182(d).  The Court also notes granting withdrawal will not cause any prejudice to any litigant, to the administration of justice, or delay the resolution of the case.  Among other things, the Court notes that Defendant has not opposed the pending motion, or otherwise asserted that it will suffer any prejudice from the Court's granting of the pending motion.

Because Plaintiff Brenda has not filed a substitution of attorney, the Court will direct him to inform the Court in writing within fourteen (14) days of the service of this order whether he intends to continue prosecuting this action and, if so, whether he intends to obtain substitute counsel or proceed pro se.  Any failure by Plaintiff to respond to the Court's order in this regard will result in the dismissal of this action for failure to prosecute and failure to comply with the Court's order.

**<u>Conclusion</u>**

For the reasons set forth above:

1. Lindsay Lien Amin's motion to withdraw as counsel (Doc. 60) is GRANTED;
2. The Clerk of the Court is directed to terminate Lindsay Lien Amin and Eric R. Gruber as the counsel of record for Plaintiff Carson Brenda.
3. Counsel Lien Amin shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding the release of a client's papers and property and the return of unearned fees; and
4. Plaintiff is substituted in pro se and is directed to comply with all hearing dates and the rules of the Court;
5. The Clerk of the Court is directed to enter the following contact information as Plaintiff's address of record:

    Carson W. Brenda

    19448 Brookside Way

    Bend, OR  97702

6. The Clerk of the Court is directed to serve this order on Plaintiff Brenda by mail;
7. Plaintiff Brenda is directed to inform the court within fourteen (14) days of service of this order whether he intends to continue prosecuting this action and, if so,

4

whether he intends to obtain new counsel or represent himself. Any failure by Plaintiff to respond to the court's order in this regard will result in the dismissal of this action for failure to prosecute and failure to comply with the court's order.

IT IS SO ORDERED.

Dated: __March 8, 2024__                    _____
UNITED STATES MAGISTRATE JUDGE