**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW PETERSON, et al.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THOMSON INTERNATIONAL, INC., et al.,<br><br>　　　　　Defendants. | No. 1:22-cv-00701-JLT-CDB<br><br>ORDER GRANTING MOTION TO DISMISS PLAINTIFF CARSON BRENDA WITH PREJUDICE<br><br>(Doc. 71) |

　　　　On February 2, 2024, the Court granted Defendant Thomson International Inc.'s motion to compel and ordered Plaintiff Carson Brenda to produce no later than February 19, 2024, a copy of his driver's license and a notarized version of a Centers for Disease Control authorization form for the release of relevant records. (Doc. 64.) The Court further ordered Plaintiff to appear for and complete his deposition no later than February 19, 2024. (*Id.*) Plaintiff was warned that his failure to appear at the deposition "may be grounds for sanctions, including evidentiary sanctions and dismissal of his action." (*Id.* at 3 (citations omitted).) The undisputed record reflects that Plaintiff, who is proceeding in this matter *in propria persona*,[1] failed to comply with the Court's order; he has yet to produce his driver's license or the CDC authorization form, or to appear for his

---

[1] Carson Brenda is one of eight Plaintiffs in this case who raise similar claims against Defendant related to their consumption in July 2022 of onions sourced by Defendant. (Doc. 1.) On March 11, 2024, the Court granted attorney Lindsay Lien Amin's motion to withdraw as counsel as to Plaintiff Brenda only, due to a breakdown of the attorney-client relationship. (Doc. 68.)

1

1   deposition. (*See* Doc. 73.)

2         On June 24, 2024, Defendant moved to dismiss Plaintiff Brenda pursuant to Federal Rule
3   of Civil Procedure 37(b). (Docs. 71–73.) The motion was served by U.S. Mail on Plaintiff at his
4   last known address. (Doc. 71 at 4.) Any opposition was due on July 8, 2024, but Plaintiff has
5   failed to file any document or otherwise communicate with the Court.

6         Federal Rule of Civil Procedure 37(b)(2)(A) allows the Court to impose sanctions that are
7   just, including dismissing the action or a specific party in the action, when that party "fails to
8   obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *O'Connell v.*
9   *Fernandez-Pol*, 542 Fed. App'x 546, 547–48 (9th Cir. 2013). Rule 37 "authorizes the district
10  court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the
11  rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*,
12  709 F.2d 585, 589 (9th Cir. 1983). "[D]ismissal is a harsh penalty and, therefore, it should only be
13  imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

14        To impose the sanction of dismissal, the Court must first find that the party's
15  noncompliance was due to willfulness, bad faith, or fault. *Anheuser-Busch, Inc. v. Nat. Beverage*
16  *Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995); *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal.
17  2014). In addition, the Court must consider the following factors: "(1) the public's interest in
18  expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of
19  prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on
20  their merits; and (5) the availability of less drastic sanctions." *Anheuser-Busch*, 69 F.3d at 348
21  (citations omitted).

22        The Court agrees with Defendant that Plaintiff's conduct is willful. He has been ordered to
23  comply with his discovery obligations and warned that noncompliance with discover orders may
24  result in dismissal. Absent any contrary representations from Plaintiff, his failure to participate in
25  any way demonstrates a conscious decision to not comply with the Court's discovery order. *See*
26  *Chase v. Int'l Ass'n of Machinists & Aerospace Workers*, No. 2:20-CV-08841-ODW-SK, 2022
27  WL 2052657, at *3 (C.D. Cal. Apr. 8, 2022) (collecting cases).

28        As for the *Anheuser-Bush* factors, "[t]he first two of these factors favor the imposition of

sanctions in most cases, while the fourth cuts against a default or dismissal sanction." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Therefore, "the key factors are prejudice and availability of lesser sanctions." *Id*. Defendant is prejudiced by its inability to obtain CDC records regarding Plaintiff and to question Plaintiff about his claims. *Id.* ("[T]he failures of the defendants to appear at their depositions, which were compounded by repeated noncompliance with court orders to produce documents constituted a clear interference with the plaintiffs' ability to prove the claims and to obtain a decision in the case. The existence of prejudice is palpable.").

The Court also concludes that no lesser sanction than dismissal will serve the interest of justice. The Court's warning that failure to comply with its discovery order could lead to dismissal constitutes an attempt at a lesser sanction. *Chase*, 2022 WL 2052657, at *6 (C.D. Cal. Apr. 8, 2022) (citing *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." (citations omitted)). Despite the warning, Plaintiff Brenda has failed to participate in discovery. Dismissal with prejudice is therefore appropriate.

## CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff Carson Brenda is **DISMISSED** from this action with prejudice.

The Clerk of Court is directed to terminate Plaintiff Brenda from the docket.

IT IS SO ORDERED.

Dated:   **July 15, 2024**

_____
UNITED STATES DISTRICT JUDGE

3