UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PETERSON, et al., | Case No. 1:22-cv-00701-JLT-CDB |
| Plaintiffs, | ORDER RE: REQUEST FOR RESOLUTION OF DISPUTED ISSUES |
| v. | (Doc. 99) |
| THOMSON INTERNATIONAL, INC., | |
| Defendant. | |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

Plaintiffs are seven individuals from three different states and Canada that allege during June and July 2020, they suffered damages after consuming Salmonella-contaminated onions that Defendant Thomson International, Inc., introduced into the stream of commerce. They seek recovery for medical and psychological care, lost income and pain and suffering. Plaintiffs claim Thomson is strictly liable for selling an unreasonably dangerous and defective food product, and that Thomson may also be liable under breach of warranty, negligence, and negligence per se theories of recovery. Thomson contends its onions were not contaminated while in its possession, custody and control and it did not cause any Salmonella outbreak that harmed Plaintiffs.

The scheduling order entered on August 18, 2022. (Doc. 19). On May 12, 2023, the Court granted Defendant's motion to extend case management dates. (Doc. 56). Nonexpert discovery closed on February 19, 2024, and expert discovery closed on April 15, 2024. *Id.* The expert discovery deadline was expanded briefly to facilitate the deposition of two expert witnesses. (Doc. 70). Trial is confirmed to commence on January 22, 2025. (Doc. 85).

**The Parties' Discovery Dispute**

Plaintiffs assert Thomson transmitted a privilege log with its initial document production in February 2023, and at Plaintiffs' request, a 92-page updated privilege log on January 31, 2024. (Doc. 99 at 2). Counsel for Plaintiffs asserts she only recently became aware that certain redacted documents in Thomson's production were not identified in the privilege log, and because Thomson has declined to update its log to include these documents, the delay constitutes a waiver of privilege. *Id.* at 2-3. Counsel separately argues that certain e-mail communications produced in redacted form by Thomson are improperly withheld on attorney-client privilege grounds because they were disseminated to unnecessary third parties, thereby losing any protection that may otherwise have been afforded by the privilege. *Id*.

Thomson contends Plaintiffs did not meet-and-confer regarding their dispute about the privilege log and that their delay in raising challenges to the privilege log until long after the close of discovery and on the eve of trial warrants rejection of the challenge. *Id.* at 4, 6. Thomson separately counters that the challenged e-mail communications did not lose the protection of attorney-client privilege because the non-lawyers to whom the protected communications were disseminated – a founder of Thomson, a board member and a shareholder – were party-agents involved in decision-making, not unnecessary third parties. (Doc 99 at 5; Doc. 99-5 at 4).

On November 27, 2024, the Court convened with the parties off the record to address the discovery disputes. (Doc. 100). Lindsay Lien Amin appeared on behalf of Plaintiffs and Joshua Gilliland appeared on behalf of Thomson. At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters, agreed to proceed without record, and agreed to abide by an order of the Court after the conference resolving the disputes.

Given the parties' divergent views of the nature of the communications at issue and because the Court was "unable to [resolve the issue] without requiring [in camera] disclosure of the information claimed to be privileged" (*see* Cal. Evid. Code § 915(b)), without objection by counsel for Thomson during the discovery dispute conference, the Court directed Thomson to submit the challenged communications to the Court for its *ex parte* and *in camera* review. (Doc. 100). The Court received and reviewed the documents submitted by Thomson and ordered that they be filed under seal. (Doc. 103).

**Discussion**

**A. Waiver of Privilege Through Delay in Providing Privilege Log**

"Improper assertions of privilege in the privilege log, or an untimely privilege log, may (but do not necessarily) result in waiver." *Sanchez v. Cnty. of Sacramento's Sheriff's Dept.*, No. 2:19-cv-01545 MCE AC, 2020 WL 3542328, at *2 (E.D. Cal. June 30, 2020) (citing *Burlington Northern & Santa Fe Railway Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)). "*Burlington* instructs courts to consider the following factors: (1) 'the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged,' (2) 'the timeliness of the objection and accompanying information about the withheld documents,' (3) 'the magnitude of the document production,' and (4) other circumstances that make responding to discovery unusually easy or difficult. *Id.* (quoting *Burlington*, 408 F.3d at 1149).

Here, balancing the *Burlington* factors, the Court finds that any delay by Thomson to identify a discrete universe of challenged documents in a privilege log does not implicate waiver of the privilege. First, Plaintiffs identify a total of 15-pages of documents allegedly improperly omitted from Thomson's privilege log from a total production of some 87,500 pages. (Doc. 99 at 1, 3; Doc. 99-3). Second, Plaintiffs concede their challenge is untimely – coming as it does approximately nine months after the close of nonexpert discovery and just two months before the commencement of trial. (Doc. 99 at 3-4). Finally, during the discovery dispute conference, counsel for Thomson agreed to and the Court ordered it to update its privilege log to include the

1 challenged documents and produce the updated log to Plaintiffs by December 4, 2024.  (Doc.
2 100).
3   For these reasons, the Court finds Thomson did not waive its assertion of privilege over
4 the redacted documents not previously identified in its privilege log.

**B.  Waiver of Privilege Through Dissemination of Documents to Third Parties**

6   In a case such as this predicated solely on diversity jurisdiction, the state law of privilege
7 applies.  *See Lite On It Corp. v. Toshiba Corp.*, No. CV 07-04758-SGL(AJWx), 2009 WL
8 10669760, at *3 (C.D. Cal. Mar. 4, 2009) (citing Weinstein's Fed. Evid. § 501.02[2][b] at 501-
9 11); Fed. R. Evid. 501.  Accordingly, this Court looks to authorities interpreting the right to
10 attorney-client privilege under California state law.
11   The attorney-client privilege "extends to communications which are intended to be
12 confidential, if they are made to attorneys, to family members, business associates, or agents of
13 the party or his attorneys on matters of joint concern, when disclosure of the communication is
14 reasonably necessary to further the interest of the litigant."  *Hoiles v. Super. Ct*., 157 Cal. App. 3d
15 1192, 1200-01 (Cal. App. 1984).  The "involvement of an unnecessary third person in attorney-
16 client communications destroys confidentiality."  *Zurich Am. Ins. Co. v. Super. Ct*., 155 Cal. App.
17 4th 1485, 1496 (Cal. App. 2007) (quotation and citation omitted).
18   In *Zurich Am. Ins. Co*., a referee concluded that internal corporate communications that
19 discussed legal advice but did not directly involve an attorney were not protected by the attorney-
20 client privilege.  *Id.* at 1495.  On writ of mandate, the appellate court found the referee's
21 definition was too narrow because California's evidence code extends the protection of privilege
22 to non-lawyers where such disclosure is reasonably necessary for the accomplishment of the
23 purpose for which the lawyer is consulted.  *Id.*
24   Here, the challenged email communications among Thomson-associated agents *included*
25 as a forwarded portion of the email the actual, privileged email communication directly between
26 an attorney and one of the agents.  That one party agent forwarded to other party agents an
27 attorney's communication is strong evidence that disclosure to the recipients of the forwarded
28 communication was reasonably necessary to accomplish the purpose for which the lawyer was

consulted.  Having reviewed the unredacted emails, the Court has no difficulty concluding that the emails retain the protection of attorney-client privilege notwithstanding the dissemination among party agents.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Plaintiffs' request for access to the challenged materials (Doc. 99 at 3) is DENIED as the materials are protected by the attorney-client privilege.

IT IS SO ORDERED.

Dated:   **December 5, 2024**                        _____
                                                                             UNITED STATES MAGISTRATE JUDGE