**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW PETERSON, et al., | Case No. 1:22-cv-00701-JLT-CDB |
| Plaintiffs, | ORDER GRANTING DEFENDANT'S REQUEST TO AMEND THE SCHEDULING ORDER; DENYING DEFENDANT'S MOTION TO DISMISS; AND DENYING PLAINTIFFS' MOTION FOR SANCTIONS |
| v. | |
| THOMSON INTERNATIONAL, INCORPORATED, | (Docs. 88, 104) |
| Defendant. | |

## I.    INTRODUCTION

Before the Court is Defendant's motion to amend the scheduling order and to dismiss Plaintiffs' complaint (Doc. 88) and Plaintiffs' motion for sanctions (Doc. 104). For the following reasons, the Court **GRANTS** Defendant's request to amend the scheduling order, **DENIES** Defendant's motion to dismiss with prejudice and **DENIES** Plaintiffs' motion for sanctions.

## II.   BACKGROUND

Plaintiffs are eight individuals[1] from three U.S. states and Canada who allege that they suffered damages after consuming Salmonella-contaminated onions introduced into the stream of commerce by Defendant. (*See generally,* Doc. 1.) Plaintiffs claim Defendant is strictly liable for selling an unreasonably dangerous and defective food product, and that Defendant may also be

---

[1] On July 15, 2024, the Court granted Defendant's Motion to Dismiss Plaintiff Carson Brenda from the instant action. (Doc. 76.)

1

liable under breach of warranty, negligence, and negligence per se theories of recovery. (*Id.* at 12-17.) Plaintiffs seek, *inter alia*, compensatory damages for past and future medical expenses, lost income, and general damages including pain, suffering, mental and physical discomfort, emotional distress, loss of enjoyment of life, diminished quality of life, and other non-economic damages. (*Id.*)

Defendant denies that any onions within its possession, custody, or control were contaminated with *Salmonella*. (Doc. 6 at 3.)  To the extent that any of its onions were contaminated, Defendant maintains that such contamination occurred only after the onions had passed into the possession, custody, and control of third parties for whose conduct Defendant bears no responsibility. (Id.)

On May 12, 2023, the assigned magistrate judge in this case issued an Order Granting Defendant's Motion for Extension of Case Management Dates (Doc. 56), which included a June 24, 2024 deadline to file all dispositive motions. The deadline passed, and the case moved forward as though it were headed to trial in late 2024.

On September 20, 2024, Defendant informed the Court in a Joint Pretrial Conference Statement that "Thomson International, Inc. believes that plaintiffs have not satisfied the amount-in-controversy requirement and intends to file a motion to dismiss plaintiffs' claims for lack of subject matter jurisdiction." (Doc. 82 at 2.) On October 7, 2024, the Court conducted a final pretrial conference at which Lindsay C. Lien Amin appeared for Plaintiffs, and Robert Sallander, Robert Seeds, and Helen Chen appeared for Defendant. (Doc. 84.)

On October 28, 2024, four months past the deadline to file all dispositive motions, Defendant filed the instant motion to dismiss. (Doc. 88.) Plaintiffs opposed the motion. (Docs. 92, 93.) Defendant replied. (Docs. 96, 97, 98.) On December 5, 2024, Plaintiffs moved to sanction the Defendant under Federal Rule of Civil Procedure 11 for filing an untimely dispositive motion with "the intent to limit Plaintiffs' counsel's capacity" in a related state court action. (Doc. 105 at 1.)

///

///

## III.    MOTION TO DISMISS

### A.    Legal Standard

The district court is a court of limited jurisdiction and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Thus, the burden of establishing subject matter jurisdiction lies with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). A federal court has jurisdiction over an underlying dispute if the suit is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs. *Geographic Expeditions, Inc., v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir 2010) (citing 28 U.S.C. § 1332(a)).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a claim for relief for lack of subject matter jurisdiction.  A motion to dismiss under Rule 12(b)(1) "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735, 67 S. Ct. 1009, 91 L. Ed. 1209 (1947)).  Thus, "[a] jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  The Ninth Circuit explained:

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004).

On a motion to dismiss under Rule 12(b)(1), the standards the Court applies vary according to the nature of the jurisdictional challenge. If a defendant presents a facial challenge to jurisdiction, the court must presume the truth of the plaintiff's factual allegations "and draw all

3

reasonable inferences in his favor." *Doe v. Holy*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). The court should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Conversely, if a defendant presents a factual challenge to the court's jurisdiction, the court "may review any evidence, such as affidavits and testimony." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (In resolving a factual attack on jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."). If a moving party presents a factual attack motion, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).  If the evidence is disputed, the Court may weigh the evidence and determine the facts to satisfy itself to its power to hear the case. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

**B.      Analysis**

1.      Timeliness

Despite having over a year to comply with the dispositive motions deadline in the May 2023 scheduling order, Defendant waited until the October 7, 2024 pre-trial conference to inform the Court of its intent to file the instant motion. Defendant concedes that its Motion to Dismiss was untimely and seeks to amend the May 2023 scheduling order to allow for filing after the dispositive motions deadline, arguing that such deadlines should not apply to motions to dismiss asserting a lack of subject matter jurisdiction.[2]

---

[2] In its motion to dismiss, Defendant references the Rule 16(e) standard for amending pre-trial orders, which provides that "the final pre-trial order may thereafter be altered only to prevent a manifest injustice." Fed. R. Civ. P. 16(e).  Though Defendant's motion to dismiss was filed after the pre-trial conference (Doc. 84) and the subsequent pre-trial order (Doc. 85), the Court understands Defendant to be requesting an amendment to the May 12, 2023 scheduling order pertaining to dispositive motion deadlines, rather than the October 8, 2024 pretrial order.  Therefore, the Court will address Defendant's request under Federal Rule of Civil Rule 16(b), which is the more appropriate standard governing amendments to scheduling orders. Although the Rule 16(e) "manifest injustice" standard is distinct from the Rule 16(b) "good cause" standard, the requirement of diligence applies there as well. *See WLD Investors, Inc. v. Xecom Corp.*, 35 Fed. App'x 609, 612 (9th Cir. 2002).

4

Pursuant to Rule 16(b), the court must issue a scheduling order limiting the time to join other parties, amend the pleadings, complete discovery, and *file motions*. Fed.R.Civ.P. 16(b)(2), (b)(3)(A) (emphasis added).  Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992) (evaluating under Rule 16 motion for leave to amend filed after issuance of pretrial scheduling order). Once set, a schedule may be modified "only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "Good cause" under Rule 16(b) "primarily considers the diligence of the party [that filed the late motion]." *Johnson*, 975 F.2d at 609. A three three-step inquiry is sued to determine whether the party has acted diligently in the context of determining good cause under Rule 16:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. 1999) (citations omitted). In determining whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 610. "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174-75 (S.D. New York Dec. 8, 2014) (citations and quotations omitted).

Defendant fails to show good cause sufficient to support its request for modification of the scheduling order. The sole reason provided by Defendant's for failing to file a dispositive motion prior to the deadline is that Defendant's attorneys had to further investigate the damages amounts asserted by Plaintiffs. (*See* Transcript of October 7, 2024 Pretrial Conference at 9.) While the Court is cognizant of the voluminous record in this case, it is not apparent that the information relied on by Defendant in its motion to dismiss was not available prior to the June 24, 2024

dispositive motions deadline.

However, under Federal Rule of Civil Procedure 12, a Defendant may move, at any time, to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1); *Kwai Fun Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013) ("Objections to the court's jurisdiction may be resurrected at any point in litigation."). Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A federal court always has jurisdiction to determine its own jurisdiction." *In re Bunyan*, 354 F.3d 1149, 1152 (9th Cir.2004) (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002)).

The sole issue raised by the Defendant in its motion to dismiss is Plaintiffs' failure to satisfy the jurisdictional minimum for diversity. (*See generally,* Doc. 88.) Specifically, Defendant claims the Plaintiffs failed to demonstrate that each individual Plaintiff could independently exceed the $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at 6.) Neither Defendant in the instant Motion nor Plaintiffs in their reply brief (Doc. 92) produced any case law establishing that a dispositive motions deadline issued as part of a Rule 16 scheduling order would prohibit or otherwise quash a Defendant's ability to raise an objection to subject matter jurisdiction after the passing of a dispositive motions deadline. Furthermore, it would be contrary to the intent of Rule 12 for a court to refuse to hear a Defendant's objection to subject matter jurisdiction because the Defendant failed to comply with Rule 16 scheduling deadline.  As such, the Court will address Defendant's motion to dismiss.

2.    Factual Attack on Amount in Controversy

In its Motion to Dismiss, Defendant engages in a factual attack of the Court's jurisdiction, arguing that subject matter is lacking because Plaintiffs failed to establish that the amount in controversy asserted by each individual Plaintiff exceeds $75,000.[3] (Doc. 88 at 8.) Plaintiffs

---

[3] It is undisputed that the parties are completely diverse. Plaintiffs Matthew Peterson, Jody Barry, and Lori Davies are citizens and residents of Oregon; Plaintiffs Sadie Floding and Teischa Benson are citizens and residents of Montana; Plaintiff Colin Strub is a citizen and resident of Colorado; and Plaintiff Lynnetta Klam is a resident of Edmonton, Alberta, Canada. (Doc. 1 at 2.) Defendant Thomson International, Inc., is a domestic for-profit corporation organized and existing under the laws of the State of California, with its principal place of business in Bakersfield, California. (*Id.*)

6

contend that the allegations in the complaint are sufficient to establish an amount in controversy over $75,000 for each individual Plaintiff under the legal certainty test from *Naffe v. Frey*, 789 F.3d 1030 (9th Cir. 2015). (*See generally,* Doc. 92.)

"Where the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'" *Geographic Expeditions, Inc*, 599 F.3d 1102 at 1106 (quoting *Crum v. Circus Circus Enters*., 231 F.3d 1129, 1131 (9th Cir. 2000)). When the factual assertion being attacked on a motion to dismiss is the amount in controversy, courts in the Ninth Circuit, courts apply the "legal certainty" test to determine whether the complaint meets § 1332(a)'s amount in controversy requirement. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015). Under this test, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id*. at 1040 (internal quotation omitted). The legal certainty test makes it very difficult to dismiss a case on the grounds that it does not appear to satisfy the jurisdictional requirement. *See Pachinger v. MGM Grand Hotel-Las Vegas, Inc.,* 802 F.2d 362, 364 (9th Cir. 1986). "Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Id*. (quoting 14A Wright, Miller, & Cooper, Fed. Prac. and Pro., Jurisdiction, §3702, at 48-50 (2d ed. 1985)).

Defendant claims that, even where a suit is initially filed in federal court, Plaintiffs bear the burden of proving by a preponderance of the evidence that their claims satisfy the amount-in-controversy threshold. (Doc. 88 at 8.) In support, Defendant argues that *McNutt v. Gen. Motors Acceptance Corp*., 298 U.S. 178 (1936) and its progeny are controlling, while citing clearly distinguishable Ninth Circuit case law – such as cases in the removal context (Doc. 88 at 8-9 citing *Hertz, Leite*), involving federal question jurisdiction[4] (*Id.* citing *Safe Air for Everyone,*

---

[4] Defendant cites this Court's ruling in *United States v. State Water Res. Control Bd.*, No. 2:19-CV-000547-JLT-EPG, 2023 WL 5612853 (E.D. Cal. Aug. 30, 2023) for the proposition that, on a factual attack on subject matter jurisdiction, "the burden of proof remains with the Plaintiff, who has an

*Thornhill Pub. Co., Savage, and Liete*) or attacking citizenship (*Id.* citing *Tosco Corp.*) – to argue that Plaintiffs bear some burden of presenting additional extrinsic evidence in response to Defendant's factual attack on the amount in controversy. Defendant fails to address the fact that the Ninth Circuit rejected this very argument in *Naffe*:

> It is true that some cases warrant a more thorough inquiry into the facts underpinning jurisdiction than the legal certainty test permits . . . But that more searching inquiry is inapplicable where, as here, the plaintiff files suit originally in federal court, the case raises traditional state tort claims, and the complaint affirmatively alleges that the amount in controversy exceeds the jurisdictional threshold. In such a case, the legal certainty test applies, and the district court must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less.

789 F.3d at 1040 (citing *St. Paul Mercury*, 303 U.S. at 288-89). In other words, "when a case is originally filed in federal court, a general conclusory allegation that the damages exceed the jurisdictional limit is usually sufficient." *FL1 v. Duncan*, 2019 WL 3766385, at *2 (C.D. Cal. Aug. 9, 2019). Because the instant complaint was originally filed in federal court, it raises exclusively state tort claims, and the complaint affirmatively alleges that the amount in controversy exceeds the jurisdictional threshold, the Court will apply the legal certainty test.[5]

Defendant appears to entirely overlook the fact that in addition to pure economic damages, all Plaintiffs seek additional forms of damages, including past and future pain and suffering, mental and physical discomfort, emotional distress, loss of enjoyment of life, diminishment in quality of life, and other similar damages. (*See generally,* Doc. 1.) The Court must consider special and general damages, including pain and suffering, in determining the amount in controversy. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995). The Court may also consider punitive damages, if they are recoverable. *Id.* at 450. In their

---

'affirmative obligation to support jurisdictional allegations with proof." (Doc. 88 at 9.) However, *State Water Res. Control Bd*. is distinguishable from the present case in that (1) the cause of action was based partially on the federal constitutional doctrine of intergovernmental immunity ("IGI") and (2) the Motion to Dismiss factually attacked the ripeness of Plaintiff's claims and not the amount in controversy. 2023 WL 5612853 at *4. Thus, the Court is not persuaded that such a burden of proof should apply here, where the complaint raises exclusively state tort claims, subject matter jurisdiction is based solely on diversity jurisdiction, and the factual allegation being attacked is the amount in controversy.

[5] Because the first two scenarios contemplated in *Pachinger* do not apply, the Court considers only whether "independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." See 802 F.2d at 364.

8

opposition to the motion, Plaintiffs' attach excerpts of each Plaintiffs' deposition transcripts, which provided further details on the broad nature of the alleged pain and suffering. (*See generally,* Doc. 93.) For example, Jody Barry testified to experiencing acute pain with cramping, diarrhea, and vomiting after allegedly consuming a *Salmonella* infected onion, causing her to forego spending time with her family and enjoying daily activities. (Doc. 93-2 at 12-13.)

Though Defendant performed a detailed analysis of each Plaintiffs' medical expenses to demonstrate each Plaintiffs' failure to meet the amount in controversy requirement, Defendant arrived at such calculations by citing non-binding case law[6], using an unvetted formula, and introducing a competing expert opinion. Ultimately, Defendant's Motion to Dismiss masquerades as a request for the Court to prematurely resolve the merits of the action at the pleading stage. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ([W]here the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial.") On the other hand, Defendant does not attack the allegations in the complaint asserting that each plaintiff is seeking lost income. (Doc. 1 at 8, 9, 11, 12) In *Naffe*, the Court found it appropriate to consider losses including money spent "repairing her credit history" on "damages resulting from the medical problems, emotional distress, lost job opportunities, and harm to her reputation." *Id*. at 1040-1041. Each of the plaintiffs testified they were acutely sick for days or weeks, but several complained of medical symptoms that lasted months.

In this case, the jurisdictional and substantive issues are not just intertwined, they are the same. In addition to failing to prove to a legally certainty that Plaintiffs cannot recover an amount above the $75,000 jurisdictional minimum, Defendant's factual attack on the merits is premature. Accordingly, for the reasons stated above, the Court **DENIES** Defendant's motion to dismiss for lack of subject matter jurisdiction.

///

---

[6] Defendant cites asserts that under California law, Plaintiffs are not entitled to recover the insurance adjustment when calculating medical damages. (*Id*. at 13.) The Court agrees. *Torres v. Costco Wholesale Corp*., 2019 WL 2642695, at *3 (S.D. Cal. June 27, 2019).

## IV.   MOTION FOR SANCTIONS

Plaintiffs move for sanctions against the Defendant pursuant to Federal Rule of Civil Procedure 11, claiming that the untimely filing of the motion to dismiss was "crafted with the intent to limit Plaintiffs' counsel's capacity in a related action" and "tantamount to harassment." (Doc. 105 at 1.) At the point at which Defendant filed its instant Motion to Dismiss, counsel for the parties were engaged in a similar action venued in the Superior Court for Kern County, California, *McLaughlin et al. v. Thomson International, Inc.*, BCV-22-101437, with a trial date scheduled for December 2, 2024. (Doc. 105 at 2.) Plaintiffs seek "appropriate sanctions to be determined by the Court for the time associated with responding to the Motion to dismiss" and "additional sanctions to deter similar conduct in the future." (Doc. 105 at 4.)

### A.   Legal Standard

Rule 11 states that "[b]y presenting to the court a pleading, written motion, or other paper ... an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ...." Fed. R. Civ. Proc. R. 11(b)(3). "The central purpose of Rule 11 is to deter baseless filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393(1990) (partially superseded, on other grounds, by 1993 Rule 11 amendment). Purposes of Rule 11 sanctions include to deter dilatory or abusive pretrial tactics, to avoid delay and unnecessary expense, and to streamline litigation. *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir.1986). Rule 11 sanctions are an "extraordinary remedy" reserved for "rare and exceptional case[s] where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).[7]

[7] Where Rule 11 sanctions are initiated by motion, there is "a mandatory 21 day safe-harbor period before a motion for sanctions is filed with the court." *Truesdell v. S. Cal. Permanente Med. Group*, 293 F.3d 1146, 1151–52 (9th Cir.2002) (citing Fed.R.Civ.P. 11(c)(1)(A). The Ninth Circuit explained that under Rule 11, "The movant serves the allegedly offending party with a filing-ready motion as notice that it plans to seek sanctions. After 21 days, if the offending party has not withdrawn the filing, the movant may file the Rule 11 motion with the court." *Id*. Thus, the "safe-harbor" period gives a litigant "an opportunity to remedy any alleged misconduct before sanctions are imposed." *Id*.; *see also Barber v. Miller*, 146 F.3d

10

The Court may sanction an attorney or party under Rule 11 for filing a pleading or other paper that is "frivolous." *Est. of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). "Frivolous" filings are those that are "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc); *see Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). Rule 11 "creates an objective standard of 'reasonableness under the circumstances.'" *Golden Eagle*, 801 F.2d at 1536. Generally, "as long as there is some 'plausible basis,' even a weak one, for the arguments advanced, then Rule 11 sanctions are improper." *Padres Hacia Una Vida Mejor v. Jackson*, No. 1:11-cv-1094 AWI DLB, 2012 WL 6053946, at *1 (E.D. Cal. Dec. 5, 2012) (citing *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001)).

### B.    Analysis

#### 1.    Frivolousness

Plaintiffs move for Rule 11 sanctions on the basis that Defendant's counsel knew the instant Motion to Dismiss was frivolous given that the underlying arguments "mirror similar motions defense counsel has made in other food illness cases, all of which this Court has rejected." (Doc. 105 at 3.) Plaintiffs specifically cite Defendant's Motion to Dismiss in *Angelo,* where Defendant argued that the complaint in that case should dismissed based Plaintiffs failure to establish that the amount in controversy asserted by each individual Plaintiff exceeds $75,000. (*Id*. at 2.)

In its opposition to Plaintiff's Motion for Sanctions, Defendant reiterates the legal basis for its instant Motion to Dismiss and explains the various ways in which its arguments differ from those raised in prior cases, specifically noting that the alleged damages in this case appeared more vulnerable to dismissal for failure to meet the amount in controversy requirements for subject matter jurisdiction. (Doc. 112 at 3.) For example, Defendants argued that one of the named Plaintiffs, Lynetta Klam, a citizen of Alberta, Canada, did not prove any medical damages

707, 710 (9th Cir.1998) (the purpose of the notice and safe harbor period is to allow a party "to withdraw the offending pleading and thereby escape sanctions") (emphasis in original)). Counsel for Plaintiffs served Defendant on November 11, 2024 with the Motion to for Rule 11 Sanctions. (Doc. 107.) On December 19, 2024, Defendant filed an opposition to the Motion for Rule 11 Sanctions, seven days ahead of the 21-day deadline of December 26, 2024. (Doc. 112).

because she incurred no out-of-pocket expenses due to Canada's public healthcare system. (Doc. 88 at 13.)

Plaintiffs make no effort to demonstrate that Defendant's legal arguments lack a sound legal basis or how Defendant's counsel failed to conduct a reasonable and competent inquiry, relying instead on the assertion that because a similar motion was denied in a related but separate case, filing the motion here was inherently frivolous. The Ninth Circuit has previously held that Rule 11 sanctions do not apply when the pleader has "a 'good faith argument' for his or her view of what the law is or should be." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986) abrogated on other grounds by Cooter & Gell, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359. "[T]o constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Strom v. United States*, 641 F.3d 1051 (9th Cir. 2011) (simplified) (emphasis added); *See United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir.2001) (reversing Rule 11 sanctions because "[c]ounsel ... had some plausible basis, albeit quite a weak one" for the argument advanced).

In their Motion to Dismiss and in their opposition to sanctions, Defendant's lay out a flawed yet reasonable argument for why they disagree with the outcome and analysis in the *Angelo* Motion to Dismiss. (Doc. 88 at 9-10; Doc. 112 at 3-5.) Defendant also attached the declaration of Defendant's counsel, Robert Seeds, who attested to reviewing Plaintiffs' medical bills and expert disclosures as part of researching and drafting the instant motion to dismiss. (Doc. 112-1 at 2.) He further attested to devoting several hours to analyzing Ninth Circuit precedent regarding the burden of proof when a defendant raises a factual attack against the alleged amount in controversy. (*Id.*) Though the Court is not persuaded by Defendants legal arguments, Defendant's motion is not objectively factually and legally baseless or made without a reasonable and competent inquiry. *See Townsend, Consulting Corp.*, 929 F.2d at 1362*; See McGill v. Pac. Bell Tel. Co.*, 139 F. Supp. 3d 1109, 1121 (C.D. Cal. 2015) (finding Rule 11 sanctions unwarranted despite concluding removal "ultimately lacked merit").

///

12

2.   <u>Improper Purpose</u>

Plaintiffs next argues that the untimeliness of Defendant's Motion to Dismiss was entirely or in part motivated "to divert Plaintiffs' counsels' time and resources from trial preparation" in a similar state court action venue in Kern County, California. (Doc. 105 at 4.) The record in this case does not indicate that sanctions based on Rule 11's improper purpose prong were justified in this case.  As evidence of such improper purpose, Plaintiffs assert that because Defendant's Motion to Dismiss was substantially similar to its motion to dismiss for lack of subject matter jurisdiction filed in the related *Angelo* case, Defendant could have simply "cut and pasted" the prior legal arguments and timely filed the motion. (*Id*. at 3.) This argument relies on the flawed and unsupported assumption that the <u>only</u> reason for the untimeliness of Defendant's Motion to Dismiss was to purposefully interfere with Plaintiff's counsel trial preparation and subsequent holiday plans.

Defendant correctly notes that during the October 7, 2024 Pretrial Conference, this Court, at the request of Plaintiff's counsel, moved the motions in limine deadline back several weeks to account for Plaintiff's upcoming state court trial. (Doc. 112 at 6; October 7 Pretrial Conference Transcript at 6.) Furthermore, Plaintiffs' counsel had the opportunity to raise any concerns regarding the motives behind the timing of the Motion to Dismiss at the Pretrial Conference and declined to do so. After learning at the Pretrial Conference of Defendant's intent to file a Motion to Dismiss, Plaintiffs' counsel requested three weeks to respond, stating, "I understand that they file a very similar motion in the Angelo case that was denied. I don't think its going to take a terrible amount of briefing to put together." (October 7 Pretrial Conference Transcript at 10-11.)

Ultimately, Plaintiffs' motion for sanctions falls far short of their burden to allege that Defendant's filing was "filed for an improper purpose" or was otherwise "frivolous." *Petrella v. Metro-Goldwyn-Mayer*, Inc., 695 F.3d 946, 957 (9th Cir. 2012), reversed on other grounds, 123 S. Ct. 1962 (2014). For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Rule 11 Sanctions.

**ORDER**

For the reasons set forth, the Court **ORDERS**:

13

1.   The motion to dismiss (Doc. 88) is **DENIED**;

2.   The motion for sanctions (Doc. 104) is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 4, 2026**

UNITED STATES DISTRICT JUDGE

14